# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) C.M., a minor, by and through her natural ) guardian and next friend, BRANLYN ) FINNELL, DALLAS N. HARTMAN, ) CHARLES C. CONNOR III, JARED M. ) WILKINSON and THE PANTRY, INC., ) ) Defendants/Cross-Claim Defendants, ) ) and ) ) KENNETH M. KEEN, ) ) Third-Party Defendant. ) _____ ) | Case No. 12-2456-KHV-KGG |

## **MEMORANDUM AND ORDER**

Currently before the Court is the Motion for Leave to File First Amended Answer filed by Third-Party Defendant Kenneth Keen (hereinafter "Keen"). (Doc. 30.) Having reviewed the submissions of the parties, in addition to various other relevant filings in this case, the Court **GRANTS** Keen's motion.

Federal Rule 15(a) provides, in pertinent part, that if a party does not amend its pleading within 21 days after service, an amendment may occur "only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Bell argues that the motion should be denied because she "relied on Keen's admission to formulate her strategy both in the instant case and concerning her presently pending in Johnson County, Kansas case." (Doc. 32, at 2.) She also argues that because Keen had "full knowledge of the facts and is represented by counsel," he "should not have the luxury of such a radical departure from the initial fact-based pleading." (*Id.*)

Keen merely contends that in his original Answer, he "mistakenly admitted [Third-Party Plaintiff] Bell's claim that supplemental jurisdiction over the personal injury action was proper" – a mistake he hopes to correct with the proposed

amendment.  (Doc. 30, at 3.)  Bell argues that "[t]here is no excuse for Keen's 'mistake' . . . , so denial of the Motion is warranted."  (Doc. 32, at 2.)

"Mistake" is defined as "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention: an unintentional error."  Webster's Third New International Dictionary 1446 (1986).  The Court is, therefore, not persuaded by Bell's argument that there is "no excuse" for Keen's mistake as there often is not a reason or "excuse" for an "unintentional error."

The Court finds no undue prejudice to Bell by the proposed amendment.  The Court is aware that Keen intends to file a motion to dismiss if this motion to amend is granted.  (*See* Doc. 32, at 3; Doc. 38, at 5.)  While this procedural development obviously does not benefit Plaintiff, this does not equate to "undue prejudice" if the motion has legally valid basis (regardless of whether it is ultimately granted by the District Court).

**IT IS THEREFORE ORDERED** that the Motion for Leave to File First Amended Answer filed by Third-Party Defendant Keen (Doc. 30.) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of March, 2013.

           s/ KENNETH G. GALE
           Kenneth G. Gale
           United States Magistrate Judge