# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | | |
| JAMIE N. BELL, ) ) | | |
| Defendant, Cross-Claimant/ Third-Party Plaintiff, ) ) ) | | Case No. 12-2456-KHV-KGG |
| and ) ) | | |
| C.M., a minor, by and through her natural guardian and next friend, BRANLYN FINNELL, DALLAS N. HARTMAN, CHARLES C. CONNER III, and THE PANTRY, INC., ) ) ) ) ) ) | | |
| Defendants/Cross-Claim Defendants ) ) | | |
| and ) ) | | |
| KENNETH M. KEEN, ) ) | | |
| Third-Party Defendant, ) ) | | |

## ORDER ON MOTION TO AMEND
## THIRD-PARTY COMPLAINT OUT OF TIME

Before the Court is the "Motion for Leave to Amend Third-Party Complaint

to Add a Punitive Damage Claim Out of Time" (Doc. 140) filed by Defendant,

Cross-Claimant/Third-Party Plaintiff Jamie N. Bell (hereinafter "Ms. Bell"). Having reviewed the submissions of the parties, in addition to the procedural history of this matter, the Court **DENIES** the motion.

**FACTS**

Plaintiff State Farm filed its Complaint seeking a declaratory judgment regarding rights and obligations under a policy of insurance implicated in an automobile accident resulting in personal injury that occurred in September 2011 on the property of Cross-Claim Defendant the Pantry, Inc. ("the Pantry"). (*See generally* Doc. 1.) In Count IV of her third-party Complaint, Ms. Bell alleges that she was a business visitor on property owned by the Pantry and that the Pantry owed her a duty of reasonable care under the circumstances. (*See* Doc. 15, at 10.) Ms. Bell further alleges that the Pantry breached this duty, which caused or directly contributed to her injuries and damages. (*Id.*, at 11.)

The Scheduling Order in effect in this case contains a December 14, 2012, deadline to amend the pleadings.[1] (Doc. 31, at 6.) Ms. Bell filed the present motion on September 13, 2013, some nine months past the deadline to amend. (Doc. 140.) She contends that during discovery, she received reports detailing

---

[1] The Scheduling Order was amended twice – on February 15, 2013 (Doc. 88), and on June 25, 2013 (Doc. 117). On neither occasion did Ms. Bell request the deadline to amend pleadings be extended.

"other similar incidents which vehicles have caused property damage or personal injury on The Pantry, Inc. property that could have reasonably been prevented by the very protective measures [she] claims were not used on the subject premises." (Doc. 141, at 3.) She further contends that "[p]rior to the production of the incident reports, [she] was only aware of one other incident that occurred in 2009." (*Id*.) Plaintiff's motion makes no mention of when the documents at issue were produced.

## **ANALYSIS**

The deadlines contained in a Scheduling Order are intended to facilitate the just and orderly litigation of a case, and are not to be simply ignored. ***White v. Union Pacific R. Co.***, No. 09-1407, EFM-KGG, 2012 WL 380245, at *2 (D. Kan. February 6, 2012). Requests to extend deadlines may, however, be granted upon a showing of good cause. *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed.R.Civ.P. 16(b)).

> When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'

3

> . . .
>
> . . . Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline. Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.
>
> To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.' 'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.' A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.
>
> Likewise, the ultimate decision whether to allow a proposed amendment addresses the sound discretion of the court. In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities. Indeed, the Tenth Circuit has recognized that Rule 15 is intended 'to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.''

*Martin K. Eby Constr. Co. Inc. v. OneBeacon Ins. Co.*, 2011 WL 5837234 (D. Kan. Nov. 21, 2011) (citing *Carefusion 213, LLC v. Professional Disposables,*

*Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3–4 (D.Kan. Oct. 12, 2010)).

As stated above, Bell contends that during discovery, she received reports detailing "other similar incidents which vehicles have caused property damage or personal injury on The Pantry, Inc. property that could have reasonably been prevented by the very protective measures [she] claims were not used on the subject premises." (Doc. 141, at 3.) She further contends that "[p]rior to the production of the incident reports, [she] was only aware of one other incident that occurred in 2009." (*Id.*) She does not, however, indicate when these written reports were received or explain why they were not requested in a more timely manner.

The Pantry states that Ms. Bell was made aware of the personal injury and property damage incidents at issue during the deposition of the corporate representative of the Pantry on July 25, 2013. (Doc. 143, at 6.) Ms. Bell offers no explanation as to why she waited more than seven weeks thereafter to file the present motion, which was already months past the deadline in the Scheduling Order. Timeliness is not a concern of form over substance. The present motion was filed 17 days before the end of discovery and three weeks before the Pretrial Conference. Introducing a new substantive claim would require additional

discovery, thus causing significant delay in the disposition of the case.

The Pantry argues that "Bell does not offer any explanation in her motion as to why the time to amend should be extended, why her motion was not timely filed, or why she did not seek to extend the deadline to amend the pleadings on the two occasions the scheduling order was amended." (Doc. 143, at 6.) The Court agrees and finds these deficiencies to be fatal to Ms. Bell's requested amendment pursuant to the two-step analysis based on Fed.R.Civ.P. 16(b) and 15(a). Ms. Bell has failed to demonstrate "some reasonable basis for noncompliance within the time specified." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). Because she has made no effort to establish "good cause" to amend the Scheduling Order,[2] her motion is **DENIED**.

For the reasons set forth above, the "Motion for Leave to Amend Third-Party Complaint to Add a Punitive Damage Claim Out of Time" (Doc. 140) filed by Defendant, Cross-Claimant/Third-Party Plaintiff Jamie Bell is hereby **DENIED**.

---

[2] The Court acknowledges that the time has not expired for Ms. Bell to file her reply to the Pantry's response to her Motion to Amend. Any such "good cause" argument that could potentially be contained in the reply brief, however, will not be considered by the Court. See *Rice v. Deloitte Consulting LLP*, 2013 WL 3448198, *3 (D. Colo. July 9, 2013) (citing *Alcohol Monitoring Sys. v. Actsoft, Inc*., 682 F.Supp.2d 1237, 1242 (D. Colo. 2010) (holding that arguments not raised in an original motion, but rather addressed for the first time in a reply brief, are waived).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of October, 2013.

                                          S/ KENNETH G. GALE
                                          Kenneth G. Gale
                                          United States Magistrate Judge