# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** |
| v. | ) ) | **No. 12-2456-KHV** |
| DALLAS N. HARTMAN, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

State Farm Fire and Casualty Company brought suit against Dallas N. Hartman, Charles C. Conner, III, Branlyn Finnell as natural guardian and next friend of minor C. M., Jamie N. Bell, Jared M. Wilkinson and The Pantry, Inc. seeking a declaratory judgment that it owes no coverage arising out of an accident and no duty to defend Kenneth Keen, its insured. State Farm's claims are now resolved with respect to all defendants.[1] In her responsive pleading, however, Bell brought cross-claims against her co-defendants and a third-party action against Keen.

---

[1] State Farm and Bell stipulated to dismissal of the State Farm claims against Bell. Stipulation Of Dismissal (Doc. #111) filed June 5, 2013.

State Farm applied for and obtained entries of default as to Hartman, Conner, Finnell as natural guardian and next friend of C. M. and Wilkinson. See State Farm's Application For Clerk's Entry Of Default As To Defendants Dallas N. Hartman, Charles C. Connor (sic), III, C. M., A Minor, And Jared M. Wilkinson (Doc. #16) filed August 28, 2012; Entry Of Default (Doc. ##17, 18, 19, 20) all filed August 28, 2012. State Farm later sought default judgment against Hartman, Conner and Wilkinson, see Motions For Entry of Default Judgment (Doc. ##129, 130) filed August 13 and August 14, 2013, and sought summary judgment against C. M., see State Farm's Motion For Summary Judgment As To C. M., A Minor, And The Pantry, Inc. (Doc. #132) filed August 21, 2013. Concomitant with filing this order, the Court is entering those default judgments and filing an order sustaining State Farm's motion for summary judgment as to C. M.

Finally, State Farm and The Pantry, Inc. stipulated to dismissal of State Farm's claims against The Pantry. See Stipulation Of Dismissal (Doc. #139) filed Sept. 11, 2013.

This matter is before the Court on Defendant/Cross-Claim Defendant The Pantry, Inc.'s Motion To Dismiss Jamie Bell's Cross-Claims And Third-Party Petition (Doc. #41) filed November 16, 2012. Bell has dismissed her third-party complaint.[2] The Court therefore overrules the motion as moot insofar as it seeks dismissal of Bell's third-party complaint. The Pantry argues that the Court should dismiss Bell's cross-claims because complete diversity does not exist between Bell and the cross-claim defendants, and that the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. For the following reasons the Court overrules the motion.

## Legal Standards

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). The Pantry challenges the face of the complaint, so the Court presumes the accuracy of Bell's factual allegations and does not consider evidence outside the complaint. Id. Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Bell bears the burden of showing that jurisdiction

---

[2]    Bell brought her third-party complaint against a single third-party defendant, Keen, and that claim was also resolved in the dismissal of June 5, 2013. See Stipulation Of Dismissal (Doc. #111).

is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

Supplemental jurisdiction is a matter of judicial discretion. Gus T. Handge & Son Painting Co. v. Douglas State Bank, 543 F. Supp. 374, 376 (D. Kan. 1982). A court may decline to exercise supplemental jurisdiction if (1) the supplemental claim involves a novel or complex issue of state law; (2) the supplemental claim substantially predominates over the original jurisdiction claim; (3) the court has dismissed the original jurisdiction claim; or (4) any other compelling reason exists. 28 U.S.C. § 1367(c).

## Procedural Background[3]

Following an accident on September 18, 2011, Bell filed a personal injury petition in Johnson County, Kansas, against Hartman, Keen, Conner and C. M. (through her mother and natural guardian). Two months later, State Farm filed this declaratory judgment suit against Hartman, Conner, C. M., Bell, Wilkinson and The Pantry, alleging that it owed no coverage arising out of the accident and no duty to defend Keen, its insured. Complaint (Doc. #1) filed July 19, 2012. State Farm alleged subject matter jurisdiction under 28 U.S.C. § 1332.

On August 21, 2012, Bell filed cross-claims against C. M., Hartman, Conner and The Pantry, and a third-party complaint against Keen. Answer To Complaint For Declaratory Judgment, Cross-Claims And Third-Party Complaint (Doc. #15). The allegations in Bell's cross-claim and third-party complaint are substantially similar to those in the petition which she filed in Johnson County, Kansas.

---

[3] The facts are set forth in the Court's Memorandum and Order, filed this date, which rules on State Farm's motion for summary judgment as to C. M. and The Pantry.

Bell seeks compensation for injuries she received when Keen's car struck her as she was standing on the sidewalk in front of a convenience store owned by The Pantry. For her cross-claims and third-party claim, Bell alleges supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

<u>**Analysis**</u>

## I.      Subject Matter Jurisdiction

The Pantry argues that Bell's cross-claims and third-party complaint must be dismissed because Bell, C. M., Hartman, Conner and Keen are all residents of Kansas and complete diversity does not exist. The Pantry makes no argument that the original action – State Farm versus Hartman, Conner, C. M., Bell, Wilkinson and The Pantry – should be dismissed for want of jurisdiction, and indeed the State Farm complaint reveals no jurisdictional defect.

The general rule is that jurisdiction depends on the state of things at the time plaintiff files its complaint and cannot be ousted by subsequent events. <u>Price v. Wolford</u>, 608 F.3d 698, 702 (10th Cir. 2010) (quoting <u>Mullan v. Torrance</u>, 22 U.S. (9 Wheat.) 537, 539 (1824)). Supplemental jurisdiction under 28 U.S.C. § 1367(a) permits the addition of claims and parties once federal court jurisdiction exists. "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In this case, all of the parties' claims – the State Farm declaratory judgment action, the negligent entrustment claim asserted in Bell's cross-claim and third-party complaint and the premises liability claim asserted against The Pantry – arise out of the facts surrounding the injuries which Bell allegedly sustained when Keen's vehicle struck her while she was standing on the sidewalk at the convenience store.

-4-

On its face, Section 1367(a) does not require an independent jurisdictional basis for the additional claims or parties which it authorizes. Indeed, the whole notion of the statute is to provide jurisdiction that is supplemental to that which already exists. Although Section 1367(b) lists some exceptions to supplemental jurisdiction, those exceptions apply only to plaintiffs. See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 160 (3d Cir. 1995) (plain language of § 1367(b) limits supplemental jurisdiction over plaintiff claims against parties joined under Rule 24 and over parties joining or intervening as plaintiffs under Rule 24; section silent as to defendants).

As noted in Price, commentators have explained that Section 1367 does not preclude the cross-claims and third-party complaint which The Pantry seeks to have dismissed. See Price, 608 F.3d at 703-04 (quoting Denis F. McLaughlin, The Federal Supplemental Jurisdiction Statute - A Constitutional and Statutory Analysis, 24 Ariz. St. L.J. 849, 857 (1992) ("[T]he statute exempts defendants from the restrictions of § 1367(b) and thus fully preserves supplemental jurisdiction for claims asserted by defendants in all actions, whether founded on federal question, diversity of citizenship, or any other jurisdictional basis.")); 13D Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3567.2, at 375-76 ("§ 1367(b) plays no role in claims, such as counterclaims and crossclaims, asserted by defendants or third-party defendants. . . . Moreover, it is clear that a defendant or third-party defendant does not become a plaintiff for purposes of § 1367(b) by asserting a claim.").

Subject matter jurisdiction exists by virtue of Section 1367.[4] The Court overrules The

---

[4] Moreover, because Keen, C. M., Hartman and Conner have been dismissed, Bell has a cross-claim pending against a single defendant, The Pantry. Bell admits that she is a resident of Kansas, Answer To Complaint For Declaratory Judgment, Cross-Claims And Third-Party Complaint (Doc. #15) at 2, and The Pantry admits that it is a Delaware corporation with headquarters in North
(continued...)

Pantry's motion to dismiss Bell's cross-claims and third-party complaint for lack of jurisdiction.[5]

## II.    Supplemental Jurisdiction

Recognizing that the Court indeed has supplemental jurisdiction, The Pantry argues in the alternative that the Court should decline to exercise supplemental jurisdiction over the cross-claim pursuant to 28 U.S.C. § 1367(c).  Under that provision, a court may so decline if it finds one of the following: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  The Pantry asserts that all four reasons exist.

As to the first factor, i.e. that Bell's cross-claim raises a novel or complex issue of state law, The Pantry "suspects'" that Bell may raise a constitutional challenge to the cap on noneconomic loss in personal injury actions set forth in K.S.A. § 60-19a02.  Although the Court is not persuaded by such speculation, a constitutional challenge to the Kansas statute would not constitute a novel issue of state law.  Challenges to the statute's constitutionality have been examined and rejected by both the Kansas Supreme Court and the Tenth Circuit Court of Appeals.  See, e.g., Miller v. Johnson, 289 P.3d 1098, 1107-24, 295 Kan. 636, 644-75 (2012) (statute does not violate Kansas Constitution

---

[4](...continued)
Carolina, Separate Answer Of Defendant The Pantry, Inc. To The Complaint For Declaratory Judgment (Doc. #10) at ¶ 9.  The Pantry does not allege lack of diversity between it and Bell, and the pleadings reflect that they are residents of different states.

[5]    Although Bell's cross-claim does not set forth the amount of claimed damages, The Pantry does not contend that the amount in controversy fails to meet the jurisdictional minimum of $75,000.00.  See 28 U.S.C. § 1332(a).

right to jury trial, right to remedy by due course of law, equal protection or doctrine of separation of powers); Patton v. TIC United Corp., 77 F.3d 1235, 1243-45 (10th Cir. 1996) (statute does not violate U.S. Constitution equal protection clause). The Pantry also asserts the obvious, that the personal injury action alleges purely state law issues of negligence and premises liability, but it makes no showing that those include novel or complex issues. The Court rejects The Pantry's argument as to the first ground.

As to the second factor, i.e. that the tort claim against The Pantry substantially predominates over the State Farm declaratory judgment claim, The Pantry argues that the former requires a jury trial and a great deal of discovery, while the latter could have been resolved without a jury and with little discovery. Discovery has been underway for quite some time and is or soon will be concluded, and the prospect of a jury trial has no real bearing on the issue of predominance. Moreover, as the claims in the complaint have been resolved, Bell's cross-claim is all that remains of the case at this point. The Pantry's argument as to the second factor is not persuasive.

As to the third factor, i.e. that the Court has dismissed all claims over which it has original jurisdiction, The Pantry's entire argument is that "[w]ithout an original jurisdiction claim, this Court may not exercise supplemental jurisdiction." Doc. #42 at 6. Section 1367(c) states otherwise, as it gives the Court discretion in deciding whether to exercise supplemental jurisdiction. The Court finds instructive the following excerpt from the commentary following the statute's 1990 revision:

> Whether a dismissal of the touchstone claim should bring about a dismissal (or remand, in a removal situation) of the dependent claim for want of supplemental jurisdiction should hinge on the moment within the litigation when the dismissal of the touchstone claim takes place, and on the other surrounding circumstances. If, for example, the main claim is dismissed early in the action, before any substantial preparation has gone into the dependent claims, dismissing or remanding the latter upon declining supplemental jurisdiction seems fair enough. But if the dismissal of the main claim occurs late in the action, after there has indeed been substantial

> expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary. The discretion implicit in the word "may" in subdivision (c) of § 1367 permits the district court to weigh and balance all of these factors. The House Report of the Committee on the Judiciary (Report 101-734, p. 29) said of subdivision (c) that it requires the district court, in exercising discretion, to undertake, as it did under prior law, "a case-specific analysis."

28 U.S.C.A. § 1367, cmt. 1990 revision. The Court concludes that significant time, resources, and judicial involvement have been expended on this case such that dismissal would not be appropriate. The Court therefore finds that the third factor is not a compelling reason to decline the exercise of supplemental jurisdiction.

Finally, as to the fourth factor, i.e. whether a case is exceptional and there are other compelling reasons to decline jurisdiction, The Pantry argues that the Court should decline to exercise jurisdiction because Bell has the same claims pending in Johnson County, Kansas, and having two lawsuits creates a waste of judicial resources, undue expense and fragmented litigation. Bell responds by pointing out that she did not initiate this second action; rather, she filed cross-claims and a third-party complaint in this case to facilitate consolidation of matters surrounding the accident into a single action. Consistent with that motive, Bell moved to voluntarily dismiss her Johnson County, Kansas lawsuit. On July 26, 2013, Bell's lawsuit in Johnson County, Kansas was dismissed with prejudice, thus ensuring that her claims would be heard in a single case. Bell v. Hartman, et al., Case No. 12CV04004.

More to the point, Bell did not sue The Pantry in state court and therefore the two cases do not have identical claims. In her state court action, Bell was seeking to recover damages based on theories such as negligent entrustment and operation of the vehicle that struck her. Bell alleges unique claims against The Pantry based on her status as a business visitor to its premises at the time

of the accident.[6]  The Court does not find a compelling reason to decline jurisdiction.

    **IT IS THEREFORE ORDERED** that Defendant/Cross-Claim Defendant The Pantry, Inc.'s

Motion To Dismiss Jamie Bell's Cross-Claims And Third-Party Petition (Doc. #41) filed November

16, 2012 be and hereby is **OVERRULED**.

    Dated this 18th day of November, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[6]        Regardless of the reason plaintiff dismissed her state court action, the dismissal with prejudice does not have res judicata effect in this case.  Res judicata requires satisfaction of four elements: (1) the same claim or cause of action; (2) the same parties; (3) the claims in this case were or could have been raised in the prior action; and (4) the prior action resulted in a final judgment on the merits.  Winston v. Kan. Dep't of SRS, 49 P.3d 1274, 1285 (Kan. 2002) (cited in Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, 931 F. Supp. 2d 1120, 1133 (D. Kan. 2013)).  Because Bell did not name The Pantry as a defendant in her state court action, the cases do not involve the same parties.  Moreover, the state court case was not reduced to final judgment on the merits.