# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2456-KHV |
| **DALLAS N. HARTMAN,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

State Farm Fire and Casualty Company brought suit against Dallas N. Hartman, Charles C. Conner, III, Branlyn Finnell as natural guardian and next friend of minor C. M., Jamie N. Bell, Jared M. Wilkinson and The Pantry, Inc. seeking a declaratory judgment that it owes no coverage arising out of an accident and/or no duty to defend its insured, Kenneth Keen. In her responsive pleading, Jamie N. Bell ("Bell") brought cross-claims against the other defendants and a third-party action against Kenneth Keen. The State Farm claims have been resolved with respect to all defendants except C. M.[1] This matter is before the Court on State Farm's Motion For Summary Judgment As To C. M., A Minor, And The Pantry, Inc. (Doc. #132) filed August 21, 2013. Because State Farm

---

[1] State Farm and Bell stipulated to dismissal of the State Farm claims against Bell. Stipulation Of Dismissal (Doc. #111) filed June 5, 2013.

State Farm applied for and obtained entries of default as to Hartman, Conner, Finnell as natural guardian and next friend of C. M. and Wilkinson. See State Farm's Application For Clerk's Entry Of Default As To Defendants Dallas N. Hartman, Charles C. Connor (sic), III, C. M., A Minor, And Jared M. Wilkinson (Doc. #16) filed August 28, 2012; Entry Of Default (Docs. ##17, 18, 19, 20) all filed August 28, 2012. State Farm later sought default judgment against Hartman, Conner and Wilkinson. See Motions For Entry of Default Judgment (Docs. ##129, 130) filed August 13 and August 14, 2013. Today the Court is entering those default judgments against Hartman, Conner and Wilkinson.

and The Pantry have stipulated to dismiss the State Farm claims against The Pantry, the Court overrules as moot plaintiff's motion for summary judgment as to The Pantry. See Stipulation Of Dismissal (Doc. #139) filed September 11, 2013. For the reasons set forth below, the Court sustains plaintiff's motion for summary judgment as to C. M.

## **Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which she carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on her pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue

of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**Facts**

The Court deems the following facts admitted because C. M. has not responded to plaintiff's motion. See Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly . . . address another party's assertion of fact . . . , the court may consider the fact undisputed for purposes of the motion.").[2]

On or about September 6, 2011, Keen, in preparation for an extended out-of-town trip for work, asked his neighbor Conner to keep the tires of his 1999 Mercedes ML320 ("vehicle") inflated and the battery charged while he was away. Keen did not tell Conner that he could use the vehicle in any manner other than to keep the tires inflated and the battery charged while he was away. Keen did not give anyone permission to use his vehicle while he was on his trip, or tell Conner that he could let others use it. Keen has never allowed Hartman or C. M. to use any of his vehicles. Keen would never, and has not, agreed to let an unlicensed driver operate his vehicle.

---

[2] Indeed, C. M. is deemed to have admitted all well-pleaded allegations in the complaint. Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D. Puerto Rico 1974).

-3-

On September 18, 2011, without Keen's knowledge or express permission, Conner let Hartman, his friend, use the vehicle to get cigarettes. Hartman was not using the vehicle to benefit Keen. Furthermore, instead of driving, Hartman allowed C. M., an unlicensed minor, to drive. C. M. was operating the vehicle when an accident occurred that caused bodily injury and/or property damage to Bell, The Pantry, Inc. and Wilkinson. At the time of the accident, neither C. M. nor Hartman had Keen's permission to use or operate his vehicle.

Neither Keen nor Conner were in the vehicle when the accident occurred. At the time of the accident, Conner was not using the vehicle. Keen has never allowed Conner unrestricted use of any of his vehicles but instead has always provided Conner with only limited specific permission to use any of his vehicles. Prior to the accident, Conner had never allowed another person to use Keen's

vehicles, nor had Keen ever asked Conner to keep up the battery and tires on any of his vehicles.

At the time of the accident, Keen was the named insured on an automobile insurance policy listing the vehicle issued by State Farm, policy number 0755157F2016A ("policy"). The policy contains the following language:

**LIABILITY COVERAGE**

\*\*\*

**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:

a. *bodily injury* to others; and
b. damage to property
caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

\*\*\*

**Supplementary Payments**

*We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages.

\*\*\*

**Additional Definition**

*Insured* means:

1. *you* and *resident relatives* for:

\*\*\*

2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for…

\*\*\*

3. any other *person* for his or her use of:

   a. *your car*;

   \*\*\*

   Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3., above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

\*\*\*

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Person* means a human being.

*Resident Relative* means, except in Personal Injury Protection Coverage, a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page and

who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a *person* described in 1. above.

*We* means the Company issuing this policy as shown on the Declarations Page.

*You* or *Your* means, except in Personal Injury Protection Coverage, the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then *"you"* or *"your"* include the spouse of the first *person* shown as a named insured if the spouse resides primarily with that named insured.

*Your Car* means the vehicle shown under YOUR CAR on the Declarations Page. *Your car* does not include a vehicle that *you* no longer own or lease.

Doc. #133-7 at 4-5, 19, 13-15.

At the time of the accident, Hartman, Conner and C. M. did not reside with Keen. The vehicle belonged exclusively to Keen.

**Analysis**

State Farm asserts that the policy provides coverage only to "insureds," and the individuals allegedly liable for the accident – C. M., Hartman and Conner – are not "insureds." One who seeks coverage under an insurance policy bears the burden to put forth evidence showing coverage. Plaintiff argues that because the record is devoid of evidence that C. M., Hartman and Conner are covered, summary judgment should be entered in its favor against C. M. Concurrently with the filing of this order, the Court is entering default judgments against Hartman and Conner and in favor of plaintiff. Those default judgments establish the following as between these parties:

(1) That Hartman and Conner are not "insureds" under policy number 075515716A for any claims or suits arising out of the accident on September 18, 2011;

-6-

(2)     That State Farm owes no duty to defend or indemnify Hartman and Conner for any claims or suits arising out of the accident; and,

(3)     That State Farm does not owe any money based upon liability of Hartman and/or Conner.

Although C. M. also is in default and her next friend and guardian has not responded to plaintiff's motion for summary judgment, the Court may not enter default judgment against her. See Fed. R. Civ. P. 55(b) (court may not enter default judgment unless "guardian, conservator, or other like fiduciary . . . has appeared").[3]  Her failure to have answered or otherwise pled in response to plaintiff's duly served summons and complaint did, however, result in entry of default against C. M. Entry Of Default (Doc. #17) filed Aug. 28, 2012.  Once default is entered, the defaulting defendant is deemed to have admitted all well-pleaded allegations in the complaint and her liability to plaintiff is deemed established. Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D. Puerto Rico 1974); see also Hopkins v. McClure, 148 F.2d 67, 69 (10th Cir. 1945) (party aggrieved by default judgment may appeal but complaint averments binding on appellant).  As a consequence, the record reveals no genuine dispute as to any material fact.

The Court concludes that plaintiff is entitled to judgment against C. M. as a matter of law. As plaintiff argues, Kansas law applies in this diversity case, and under Kansas law a person claiming coverage under an insurance policy has the initial burden to prove coverage. Shelter Mut. Ins. Co. v. Williams, 804 P.2d 1374, 1383 (Kan. 1991).  The undisputed facts, including the policy language

---

[3]     The default judgments are largely irrelevant to the Court's consideration of plaintiff's motion for summary judgment against C. M. except to the extent that C. M.'s status of being an "insured" under the policy might be derivative of Hartman or Conner.  If any party had argued and shown that C. M.'s status is derivative, the Court's declaration that Hartman and Conner are not insureds would lead to the same conclusion for C. M.

quoted above, establish that C. M. is not an insured under the policy. Keen did not give express consent for C. M. to use his vehicle, and the facts do not support a finding that Keen gave implied consent to C. M.'s usage. For this reason, which is more fully articulated in plaintiff's memorandum in support of its motion and which the Court agrees is a correct statement of the law, plaintiff is entitled to summary judgment against C. M.

**IT IS THEREFORE ORDERED** that State Farm's Motion For Summary Judgment As To C.M., A Minor, And The Pantry, Inc. (Doc. #132) filed Aug. 21, 2013, be and hereby is **SUSTAINED** as to C.M. and **OVERRULED AS MOOT** as to The Pantry, Inc.

Dated this 18th day of November, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge