# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JAMIE N. BELL, | ) ) ) Case No. 12-CV-2456 KHV-KGG |
| Defendant, Cross-Claimant/ Third-Party Plaintiff, | ) ) ) ) |
| and | ) ) |
| C.M., a minor, by and through her natural guardian and next friend, BRANLYN FINNELL, DALLAS N. HARTMAN, CHARLES C. CONNER III, JARED M. WILKINSON and THE PANTRY, INC. | ) ) ) ) ) ) |
| Defendants/Cross-Claim Defendants, | ) ) ) ) |
| and | ) ) |
| KENNETH M. KEEN, | ) ) ) |
| Third-Party Defendant. | ) ) |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR RECONSIDERATION

Third Party Plaintiff Jamie Bell has moved (Doc. 147) for reconsideration of

this Court's Order denying her motion to amend her cross claim out of time to add a claim of punitive damages (Doc. 144). Cross-Claim Defendant Pantry Inc. opposes the motion. (Doc. 150.)

A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3. These are not demonstrated by the present motion, which is, therefore, **DENIED**.

The motion to amend was originally denied because the movant failed to show good cause why the motion was not filed within the amendment period set by the Scheduling Order, or more particularly, why she waited until 17 days before the end of the discovery period. Her present argument is essentially that she received additional evidence supporting her punitive damages claim after the last motion to amend was filed and, paradoxically, that the parties understood that she was conducting discovery on a potential punitive damages claim much earlier in discovery. Third-Party Defendant contests the former claim, and presents information that tends to show that at least some of the information was presented two months before the initial motion was filed.

The central issue in the Court's underlying Order was whether good cause was shown for filing the motion to amend after deadline for doing so. There is no claim that the law has changed since the Court's ruling. The claim for "new

evidence" by the movant is that even more supporting evidence was obtained after the motion was filed. However, the denial was not based on any perceived weakness of Bell's punitive damages claim, rather on the failure to complete her pleadings in a timely manner. Even if additional new evidence was obtained, which The Pantry disputes, this does not explain the failure to move to amend, at the latest, two months before the conclusion of discovery. Finally, there is no showing that the failure to amend to add a punitive damages claim will result in manifest injustice.

The movant also asks that the court view the present motion as a new motion to amend. As a new motion, however, the present motion is even more untimely than the previous motion. This is not mitigated by a claim that more evidence was found to support the punitive damages claim after the previous motion.

The Motion for Reconsideration (Doc. 147) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 27th day of January, 2014.

          S/ KENNETH G. GALE
          KENNETH G. GALE
          United States Magistrate Judge